UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re ERNESTO PATACSIL, et al., <br><br> Debtors. <br> ─────────────────── <br> JOSEPH CABARDO, et al., <br><br> Appellants, <br><br> v. <br><br> ERNESTO PATACSIL, et al., <br><br> Appellees. | District Case No.  2:23-cv-01231-DJC <br><br> Bankr. Case No. 20-23457-A-7 <br><br> Bankr. Adversary Case No. 20-02167-A <br><br><br> ORDER |

    This appeal asks whether the bankruptcy court in Appellant's adversary proceeding was correct in holding that only 75% of the California Private Attorneys General Act ("PAGA") penalties awarded in Appellants' district court case against Appellees were non-dischargeable under 11 U.S.C. § 523(a)(7).  Section 523(a)(7) states that bankruptcy courts may not discharge non-compensatory penalties payable to and for the benefit of a governmental unit.  The bankruptcy court held that 75% of the PAGA penalties, or the portion of the penalties statutorily payable to the State of California, were non-dischargeable under section 523(a)(7), while the remaining 25%, or the portion statutorily payable to aggrieved employees, were not.  However, Appellants argue that 100% of the PAGA penalties, as well as their attorneys' fees, are

non-dischargeable under section 523(a)(7) as they are payable in their entirety to the State as the real party in interest in the action.

The Court concludes that, under the plain meaning of section 523(a)(7), while the 25% of the PAGA penalties awarded to the aggrieved employees are a penalty and are for the benefit of a governmental unit, they are not *payable to* a governmental unit and are therefore subject to discharge. Thus, the Court will affirm the bankruptcy court's order and will remand this matter to the bankruptcy court for further proceedings consistent with this order.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants are former employees of Appellees, who owned and ran nursing homes for the disabled. (Appellants' Br. (ECF No. 14) at 14.) Appellants filed suit against Appellees on June 26, 2012, in the Eastern District of California, bringing claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219; California Labor Code, Cal. Lab. Code §§ 200–1197; California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200–17209; and PAGA, Cal. Lab. Code § 2699 *et seq.* (*Id.* at 9; Appellants' R., Volume 2 (ECF No. 15-2), at 306.[1]) The matter went to trial on February 3, 2020, and on March 6, 2020, the jury returned a verdict for Appellants on all causes of action, awarding them damages. (Appellants' Br. at 9.) The district court awarded Appellants $893,815.62 in damages and $1,077,218.62 in attorneys' fees. (Appellants' R., Volume 2, at 305–312.) Of the damages awarded, $79,524.53 were PAGA penalties awarded to Appellants and the State of California. (*Id.* at 315.)

On July 14, 2020, Appellees filed for Chapter 7 bankruptcy. (Appellants' Br. at 10.) Appellants subsequently filed a bankruptcy adversary proceeding seeking a determination of the dischargeability[2] of their damages and attorneys' fees recovered

---

[1] Citations to Appellants' Record refer to the page number in the Excerpts of Record, not original page numbers.

[2] A discharge in bankruptcy releases a debtor from personal liability with respect to any discharged debt by voiding any past or future judgments on the debt and enjoining creditors from attempting to collect or to recover the debt. *See Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004).

in the district court case. (*Id.* at 11.) Appellants argued that the PAGA penalties and accompanying attorneys' fees were non-dischargeable under 11 U.S.C. § 523(a)(7). (*Id.*) The bankruptcy court, however, held that only 75% of the PAGA penalties, the portion earmarked for the State of California, were non-dischargeable under section 523(a)(7). (*Id.* at 13.) The court also held that attorneys' fees awarded under PAGA were not excepted from discharge. (*Id.*)

Appellants moved to appeal that order and were granted leave to appeal by this Court. (ECF Nos. 4, 17.) Appellants argue that the bankruptcy court erred in concluding only 75% of the penalties awarded under PAGA fall within the discharge exception set forth in 11 U.S.C. § 523(a)(7) and that attorneys' fees awarded under PAGA do not fall within that exception. (Appellants' Br. at 14–15.)

The Court held argument on August 8, 2024, with Caroline Hill appearing for Appellants, and Charles Hastings and Natali Ron appearing for Appellees. The Court took the matter under submission.

**UNDERSTANDING THE CALIFORNIA PRIVATE ATTORNEY GENERAL'S ACT**

The California legislature enacted PAGA over 20 years ago because it was in the public interest to allow aggrieved employees,[3] acting as private attorneys general, to recover civil penalties for Labor Code violations "with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Arias v. Superior Ct.*, 46 Cal. 4th 969, 980 (2009)). PAGA addressed two core problems that hampered the prosecution of labor act violations. *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 379 (2014). First, district attorneys were reluctant to prosecute labor law violations because they were considered low priorities. *Id.* Second, there was a shortage of government resources that could not keep pace with the sprawling and often "underground" economy. *Id.* The legislature's solution was to "deputize and

---

[3] An aggrieved employee is any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed. Lab. Code § 2699(c)(1).

3

incentivize employees uniquely positioned to detect and prosecute [] violations . . . ." *Id.* at 390.

PAGA allows aggrieved employees to sue an employer personally and on behalf of other current or former employees to recover civil penalties for Labor Code violations if the California Labor and Workforce Development Agency ("LWDA") declines to investigate or prosecute alleged labor law violations. *Baumann*, 747 F.3d at 1121; *see also* Lab. Code § 2699(a). The LWDA keeps 75% of any penalties imposed leaving the remaining 25% for aggrieved employees. *Arias*, 46 Cal. 4th at 980–81. Aggrieved employees who prevail in a PAGA action are also entitled to recover reasonable attorneys' fees and costs. Lab. Code § 2699(k)(1).

The California Supreme Court describes PAGA as a "procedural statute" which allows aggrieved employees to recover civil penalties "that otherwise would be sought by state labor law enforcement agencies." *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Ct.*, 46 Cal. 4th 993, 1003 (2009). In bringing a PAGA action, "the aggrieved employee acts as the proxy or agent of state labor law enforcement agencies, representing the same legal right and interest as those agencies, in a proceeding that is designed to protect the public, not to benefit private parties." *Id.* PAGA plaintiffs do not have property rights in their cases and cannot assign their interests in them. *Id.* Rather, the State of California is considered the real party in interest. *Kim v. Reins Int'l Cal., Inc.*, 9 Cal. 5th 73, 81 (2020).

## JURISDICTION

District courts have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges . . . ." 28 U.S.C. § 158(a). District courts also have appellate jurisdiction to consider a bankruptcy court's interlocutory orders and decrees if the district court has granted leave to appeal. *Id.* That said, such appeals "shall be heard by a judge panel of the bankruptcy appellate panel" unless "any other party elects . . . to have such appeal heard by the district court." *Id.* § 158(c)(1)(B). The Court has jurisdiction to hear this appeal of the bankruptcy court's interlocutory order

because the Court has granted leave to appeal and Appellants have elected to have the appeal heard in this Court.

## ISSUES ON APPEAL

1. Whether the bankruptcy court erred in concluding that only 75% of the civil penalties awarded under PAGA fall within the exception to discharge set forth in 11 U.S.C. § 523(a)(7); and

2. Whether the bankruptcy court erred in concluding that attorneys' fees awarded under PAGA fall outside the exception to discharge set forth in 11 U.S.C. § 523(a)(7).

## STANDARD OF REVIEW

On appeal, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." *Cesar v. Charter Adjustments Corp.*, 519 B.R. 792, 795 (E.D. Cal. 2014).  Legal conclusions are reviewed de novo, while factual determinations are reviewed under a "clearly erroneous" standard.  *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 792 (9th Cir. 1997) (en banc).

## ANALYSIS

### I. Appellants' Article III Standing

Appellees argue Appellants lack standing to pursue this appeal.  (*See* Appellees' Br. (ECF No. 20) at 12.)  The Court disagrees.  Article III standing requires that a plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  *Qui tam* actions, which permit private plaintiffs to sue in the government's name for a violation of a public right, are traditionally a "well-established exception" to the traditional Article III analysis because it is the government's injury that confers standing upon the private person.  *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 674 (9th Cir. 2021).  PAGA is a type of *qui tam* action.  *Iskanian*, 59 Cal. 4th at 360.  That said, the Ninth

Circuit has held that PAGA plaintiffs must demonstrate traditional Article III standing because PAGA's features "depart from the traditional criteria of *qui tam* statutes." *Magadia*, 999 F.3d at 675–78.  Thus, Appellants are subject to Article III's requirements.

"In the context of an appeal from a bankruptcy court order, appellants must demonstrate injury in fact by showing . . . that the order appealed must have detrimentally impaired their rights or increased their economic burdens." *Greenfield v. Greenfield Sheley (In re Greenfield)*, No. ID-21-1150-SFB, 2022 WL 1115412, at *3 (9th Cir. B.A.P. Apr. 14, 2022).  Appellants have shown such an injury because, under the bankruptcy court's current order, they and other aggrieved employees will not recover any PAGA penalties.  Further, Appellants' injury is traceable to the bankruptcy court's ruling because that ruling limits their recovery.  Finally, Appellants' injury is likely to be redressed by a favorable judicial decision should this Court reverse the bankruptcy court's ruling because Appellants and other aggrieved employees will recover PAGA penalties.

Thus, Appellants have established Article III standing.

## II. Only 75% of the Civil Penalties Awarded under PAGA are Non-Dischargeable under 11 U.S.C. § 523(a)(7)

Appellants argue all of their PAGA penalties are non-dischargeable in bankruptcy because the penalties are non-compensatory and are payable to and for the benefit of a governmental unit under 11 U.S.C. § 523(a)(7). (Appellants' Br. at 15–28.)  In relevant part, section 523 provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty . . . .

11 U.S.C. § 523(a)(7).  Courts have understood section 523(a)(7) to encompass three elements each of which must be satisfied before a debt is considered non-dischargeable.  The non-dischargeable debt "must (1) be a fine, penalty, or forfeiture; (2) be payable to and for the benefit of a governmental unit; and (3) not constitute compensation for actual pecuniary costs."  *Albert-Sheridan v. State Bar of Cal. (In re Albert-Sheridan)*, 960 F.3d 1188, 1193 (9th Cir. 2020).  Because the Bankruptcy Code is intended to afford debtors a fresh start, "exceptions to discharge should be strictly construed against an objecting creditor and in favor of the debtor."  *Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir. 1992).

The Court finds that only 75% of the PAGA penalties awarded here satisfy these elements, as only 75% of the penalties are payable to a governmental unit.  Thus, the Court will affirm the bankruptcy court's ruling as to the non-dischargeability of only 75% of the PAGA penalties under section 523(a)(7).

   **A.** **PAGA Penalties are a "Fine, Penalty, or Forefeiture," and Not "Compensation for Actual Pecuniary Loss"**

It is undisputed that PAGA penalties satisfy the first and third elements above. "PAGA plaintiffs are private attorneys general who, stepping into the shoes of the LWDA, bring claims on behalf of the state agency" and recover civil penalties on behalf of the LWDA.  *Baumann*, 747 F.3d at 1123.  PAGA's penalties are calculated to punish employers for wrongdoing and deter violations.  *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104, 1117 (2023).  PAGA was not designed to compensate employees, nor can the penalties recovered be considered "damages" in the compensatory sense.  *Id.; see also Arias*, 46 Cal. 4th at 986.

Thus, PAGA awards are penalties and not compensation for actual loss, a conclusion which the bankruptcy court shared.  (*See* Appellants' R., Volume 1 (ECF No. 15-1), at 19.)

////

////

B.   **PAGA Penalties are "For the Benefit of," but not "Payable to," a "Governmental Unit"**

The remaining question is whether all of the PAGA penalties can be considered "payable to and for the benefit of" the LWDA such that they are non-dischargeable. This question has not been resolved by the Ninth Circuit. Thus, this Court begins its analysis with the text of the statute. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). We presume that Congress "says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). The plain meaning of a statute controls where that meaning is unambiguous. *See Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 254 (2000).

The Court finds that under the plain meaning of 11 U.S.C. § 523(a)(7), PAGA penalties are for the benefit of a governmental unit. The Bankruptcy Code defines a "governmental unit" as the:

> United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

11 U.S.C. § 101(27). The LWDA meets this definition because it is an executive branch agency of the State of California. *See* Cal. Govt. Code §§ 15554–15562; *see also Medina v. Poel*, 523 B.R. 820, 826 (E.D. Cal. 2015). Courts have held that the context in which the word "benefit" appears, i.e., "payable to and for the benefit of a governmental unit," implies that the benefit in question is the benefit of the money paid to the governmental unit. *See, e.g.*, *In re Towers*, 162 F.3d 952, 954 (7th Cir. 1998); *Rashid v. Powell* (*In re Rashid*), 210 F.3d 201, 208 (3d Cir. 2000). That is, the "word 'payable' clearly casts an economic light over the phrase that suggests that the benefit must be conferred from the monetary value of the debt to be paid by the defendant and not [] more abstract benefit[s] . . . ." *In re Rashid*, 210 F.3d at 208

(holding restitution award was dischargeable because criminal deterrence did not qualify as a "benefit" under section 523(a)(7)).

The Court finds that the penalties awarded under PAGA meet this requirement. First, PAGA provides that 75% of the penalties awarded in a PAGA action be distributed to the LWDA "for enforcement of labor laws . . . [and] education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes." Lab. Code § 2699(m). This is clearly a case where the funds will "benefit" the LWDA. Second, as to the 25% of penalties distributed to aggrieved employees, the California Legislature enacted PAGA in recognition of the State's inadequate resources to enforce its labor laws. *Arias*, 46 Cal. 4th at 980. PAGA allocates 25% of the civil penalties recovered to "aggrieved employees" to give individual employees an incentive to sue on the LWDA's behalf, rather than to award "victim-specific relief." *Whitworth v. SolarCity Corp.*, 336 F. Supp. 3d 1119, 1126 (N.D. Cal. Aug. 21, 2018); *Iskanian*, 59 Cal. 4th at 387–88. Although 25% of PAGA penalties are recovered by aggrieved employees rather than the LWDA, this incentive benefits the LWDA by decreasing its enforcement costs while expanding its enforcement powers. Thus, the Court finds that the PAGA penalties awarded benefit the LWDA.

At the same time, the Court agrees with the bankruptcy court that only 75% of the PAGA penalties, the portion recovered by the LWDA, can be considered "payable to" a governmental unit. In so concluding, the bankruptcy court analyzed circuit precedent and found that courts consistently apply the "payable to" analysis to the end recipient of a debt when considering whether that debt is dischargeable under section 523(a)(7). (Appellants' R., Volume 1, at 20–24.) Applying that test, the bankruptcy court concluded that 75% of Appellants' PAGA penalties were non-dischargeable under section 532(a)(7) because that 75% would be paid to the LWDA, a governmental unit. (*Id.* at 24.) As for the remaining penalties, the bankruptcy court noted that "[f]ew, if any, cases directly have considered the amount of a civil penalty

that may be excepted from discharge under [section] 523(a)(7) when a *qui tam* relator and a governmental unit split the amount awarded." (*Id.* at 25.) However, the bankruptcy court found "long-standing case law in other contexts restricts the fines, penalties and forfeitures excepted from discharge to the amount that the governmental unit retains." (*Id.* at 25–26 (collecting cases).) Thus, the bankruptcy court concluded that only the portion of PAGA penalties allocated to the LWDA were non-dischargeable under section 523(a)(7). (*Id.* at 26.)

The Court agrees with the bankruptcy court's reasoning. Labor Code section 2699 provides that PAGA penalties be distributed "[75] percent to the Labor and Workforce Development Agency for enforcement of labor laws, including the administration of this part, and for education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes; and [25] percent to the aggrieved employees."[4] Lab. Code § 2699(m). Thus, under California law, 25% of PAGA penalties are paid to aggrieved employees, who are private parties. In other words, the State has statutorily relinquished their claim to 25% of the PAGA penalties. Appellants need not pay any portion of that 25% to the State, nor does the State have any ability to recover those funds.

By contrast, in *In re Stevens v. Commercial Collection Services (In re Stevens)*, cited by Appellants, the court held that unpaid traffic fines were non-dischargeable under section 523(a)(7) even though they were being collected by a private debt collector because the private debt collector was acting purely on the county's behalf. 184 B.R. 584, 586 (Bankr. W.D. Wash. 1995). As the court reasoned, "pursuant to its contract with the [c]ounty, the defendant is the [c]ounty's agent for purposes of collection, and the [c]ounty receives 100% of sums the defendant collects." *Id.* Thus,

---

[4] This amount has recently been adjusted such that the LWDA now recovers 65% of the penalties, while aggrieved employees recover 35%. *See* Lab. Code § 2699(m).

10

the court found that the unpaid traffic fines were both payable to and for the benefit of the county because the debt would ultimately be remitted to the county. *Id.*

On the other hand, in *In re Dickerson*, another case referenced by Appellants, the court held that unpaid fines associated with criminal charges were dischargeable when a collection agency had been assigned to collect that debt by the county because the county would not receive the funds. 510 B.R. 289, 292, 299–300 (Bankr. D. Idaho 2014). As the court explained, the debtors had already paid all but $150 of the criminal fines to the county well before the collection agency instituted the state court action against debtors. *Id.* at 300. Therefore, "most of what [the collection agency] was attempting to recover from [d]ebtors represented fees and statutory costs associated with the original fines, or in other words, amounts that would be paid to [the collection agency], not to the [c]ounty." *Id.* at 301. As such, the collection agency was not seeking to recover from the debtors on the county's behalf; rather, the collection agency was "asserting its own legal right to collect from them." *Id.* at 299. Because the debt would not be remitted to the county, the court held that it was not a fine or penalty payable to and for the benefit of a governmental unit. *Id.* at 299–301.

As *In re Stevens* and *In re Dickerson* demonstrate, the end recipient of the debt dictates its dischargeability under section 523(a)(7). Here, much like *In re Dickerson*, 25% of Appellants' PAGA penalties have been collected and will be retained by private parties. Thus, under section 523(a)(7)'s plain terms, 25% of PAGA penalties are not "payable to" a governmental unit.

The sole exception to the end recipient rule appears to be *Kelly v. Robinson*, 479 U.S. 36 (1986), in which the Supreme Court held that restitution ordered in a criminal case is a penalty payable to and for the benefit of a governmental unit even though restitution is often paid to the victims of crimes. *Id.* at 50–53. The Supreme Court reasoned that it must interpret the language of section 523(a)(7) "in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems,"

11

1  ultimately finding that a "sentence following a criminal conviction necessarily
2  considers the penal and rehabilitative interests of the State . . . [which] are sufficient to
3  place restitution orders within the meaning of [section] 523(a)(7)."  479 U.S. at 43–44,
4  53.
5      The Ninth Circuit, however, has since cautioned against extending *Kelly's*
6  approach beyond the criminal restitution context as it "untether[ed] statutory
7  interpretation from the statutory language," and "led to considerable confusion
8  among federal courts and practitioners about section 523(a)(7)'s scope."  *Scheer v.*
9  *The State Bar of Cal. (In re Scheer)*, 819 F.3d 1206, 1210 (9th Cir. 2016).  For example,
10  in *In re Albert-Sheridan*, the Ninth Circuit considered whether discovery sanctions
11  imposed on an attorney suspended for misconduct were dischargeable debts under
12  section 523(a)(7).  960 F.3d at 1191–92.  The court found that they were not, reasoning
13  that the law governing discovery sanctions did not provide for the sanctions to be
14  paid to the court or any other governmental entity, but to "anyone" incurring an
15  expense as a result of discovery abuse.  *Id.* at 1193.  The attorney had been ordered to
16  pay the sanctions to the plaintiff, a private party.  *Id.*  Thus, the discovery sanctions
17  were not payable to a governmental unit.  *Id.*
18      The court addressed the Supreme Court's decision in *Kelly* and found that it did
19  not alter the court's holding as *Kelly* was "animated by a 'long history' of judicial
20  exceptions for criminal restitution payments in discharge statutes and a concern for
21  'disturb[ing] state criminal proceedings.'"  *Id.* at 1195 (quoting *State Comp. Ins. Fund*
22  *v. Zamora (In re Silverman)*, 616 F.3d 1001, 1007 (9th Cir. 2010)).  The court found that
23  those rationales did not apply to the debt at hand, as the attorney's debt
24  compensated a private party for the costs of litigating civil discovery motions for its
25  own benefit.  *Id.*  As the court explained, "[l]ike other relics of the 1980s, such as big
26  hair, jam shorts, and acid-wash jeans, *Kelly's* atextual interpretative method should not
27  come back into fashion.  Thus, we have sought to cabin *Kelly's* reach and refused to
28  expand its rationale . . . ."  *Id.*  *Kelly's* rationale is similarly inapplicable here, as this

case does not involve criminal restitution payments, and the Court sees no reason to extend *Kelly's* atextual approach.

In reaching this conclusion, the Court acknowledges its holding is in tension with the California Legislature's goals in enacting PAGA. PAGA was enacted to address the underenforcement of Labor Code violations by incentivizing aggrieved employees to bring employment actions in return for a share of the PAGA penalties. However, as highlighted in Appellants' briefing, this incentive may prove less appetizing for hungry litigants if the portion of PAGA penalties they recover can be discharged in bankruptcy. (Appellants' Br. at 32–33.) This ruling may also be in tension with the California Supreme Court's view of PAGA. That court has consistently held that the State is the real party in interest in any PAGA action and that any penalties awarded are the legal property of the State. *Amalgamated Transit Union*, 46 Cal. 4th at 1003; *see also Turrieta v. Lyft, Inc.*, 69 Cal. App. 5th 955, 972 (2021) (an employee's "ability to file PAGA claims on behalf of the state does not convert the state's interest into their own or render them real parties in interest"). Under this precedent, Appellants argue that 100% of their PAGA penalties are payable to the State because the State is the true creditor of the penalties awarded. (Appellants' Br. at 17–19.)

Notwithstanding these considerations, the Court is bound by the plain language of section 523(a)(7) and must "presume that [the] legislature says in a statute what it means and means in a statute what it says there." *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (plurality opinion) (quoting *Conn. Nat'l Bank*, 503 U.S. 253-54) (internal quotation marks omitted). The Court is also guided by the principle that bankruptcy is intended to afford debtors a fresh start and that, as a result, exceptions to discharge must be interpreted narrowly. *Hawkins v. Franchise Tax Bd. of California*, 769 F.3d 662, 666 (9th Cir. 2014). Accordingly, the Court will affirm the bankruptcy court's order and finds that only the 75% of the PAGA penalties payable to the LWDA are non-dischargeable under 11 U.S.C. § 523(a)(7).

**III.     Attorneys' Fees Awarded under PAGA are Dischargeable**

Appellants argue their attorneys' fees awarded under PAGA are also non-dischargeable under 11 U.S.C. § 523(a)(7) because the PAGA statute's purpose is punitive and employees who prevail in a PAGA action are entitled to attorneys' fees as of right, thus the attorneys' fees are part of the penal fine levied against an employer who violates the Labor Code.  (Appellants' Br. at 28–33.)  Accordingly, Appellants contend the attorneys' fees are non-compensatory penalties payable to and for the benefit of a governmental unit.

For the reasons stated above, the Court finds that the attorneys' fees awarded here are not "payable to" a governmental unit under section 523(a)(7).  The fees in question will not be recovered by the LWDA.  Rather, they are payable to attorneys representing Appellants, who are private parties.  Courts that have faced the question of whether an individual, rather than the government, may except attorneys' fees from discharge under section 523(a)(7) have declined to do so.  *See, e.g.*, *In re Albert-Sheridan*, 960 F.3d at 1193–96; *cf. Searcy v. Ada County Prosecuting Attorney's Off. (In re Searcy)*, 463 B.R. 888 (9th Cir. B.A.P. 2012), *aff'd*, 561 F. App'x 644 (9th Cir. 2014) (holding attorneys' fees payable to the county's attorneys for an inmate's frivolous civil action against it were non-dischargeable under section 523(a)(7)).  Thus, the attorneys' fees do not meet the "payable to" requirement of section 523(a)(7).

The Court finds that Appellants' attorneys' fees do not fall within 11 U.S.C. 523(a)(7)'s exception to discharge.

**CONCLUSION**

For the reasons set forth above, the Court hereby:

1. AFFIRMS the bankruptcy court's June 9, 2023, order entered in Adversary Proceeding No. 20-02167-A;
2. HOLDS that 75% of the PAGA penalties awarded in Appellants' district court case are non-dischargeable under 11 U.S.C. § 523(a)(7);

3. HOLDS that the remaining 25% of the PAGA penalties awarded in Appellants' district court case are not excepted from discharge under 11 U.S.C. § 523(a)(7);

4. HOLDS that Appellants' attorneys' fees are not excepted from discharge under 11 U.S.C. § 523(a)(7);

5. REMANDS this matter to the bankruptcy court for further proceedings consistent with this order; and

6. DIRECTS the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: **December 13, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Patacsil23cv1231.BankrAppeal

15